IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MICHAEL R. SIGMON, | * |
| Plaintiff, | * |
| v. | * Civil Action No. JKB-14-1898 |
| THE JOHNS HOPKINS HOSPITAL, et al. | * |
| Defendants. | * |

## MEMORANDUM

Plaintiff Michael R. Sigmon brings this suit under the Fifth and Fourteenth Amendments alleging that defendants, the Johns Hopkins Hospital,[1] Gerald Nestadt, M.D., Dean F. Wong, M.D., the Johns Hopkins Hospital Institutional Review Board, and the State of Maryland violated his right to due process by requiring him to obtain a certificate of merit before he may bring malpractice claims against Johns Hopkins Hospital physicians to the Health Claims Arbitration Office. Sigmon avers the certificate of merit required by the Maryland Health Care Malpractice Act ("HCMCA"), Md. Code Ann., Cts. & Jud. Proc. § 3-2A-01 *et seq.*, is unconstitutional,[2] and asks this court to send his claim of malpractice back to the Health Claims Arbitration Office with an order stating a certificate of merit is not required. Sigmon has also filed a motion to proceed in forma pauperis which will be granted.

---

[1] The complaint is actually against "John Hopkins Hospital." The Clerk will be directed to amend the docket to reflect the hospital's correct name.

[2] Pursuant to the HCMCA, claims "against a health care provider for medical injury" must be submitted to the Health Care Alternative Dispute Resolution Office prior to any judicial action. Md. Code Ann., Cts. & Jud. Proc. §§ 3-2A-02. The Act requires all medical malpractice plaintiffs to meet several procedural preconditions, including filing an arbitration claim, before bringing a medical malpractice lawsuit in Maryland. *See* §§ 3-2A-02(a)(2) -04(a).

## BACKGROUND

Sigmon, who states he suffers from schizophrenia, explains that in 1999, he volunteered to participate in a schizophrenia research study at Johns Hopkins Hospital. As part of the study, a "radioactive tracer" was "introduced into [his] bloodstream," and blood came out of his arm up to an empty IV bag, and he "suddenly felt exhausted." Plaintiff attributes the exhaustion he has felt since, and his later discovered problem producing thyroid-stimulating hormone, to this "mishap." According to Sigmon, he later filed a claim against defendants with the Health Claims Arbitration Office which was dismissed as untimely[3] and was denied a certificate of merit.

## DISCUSSION

The court is required to screen complaints filed in forma pauperis and dismiss claims that fail to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). In undertaking this review, this court is mindful that it must liberally construe documents filed by self-represented litigants. *See, e.g., Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Erikson v. Pardus*, 551 U.S. 89, 94, 127 (2007).

In order to state a civil rights claim under 42 U.S.C. § 1983, a plaintiff must allege sufficient facts indicating that he was deprived of rights guaranteed by the Constitution or laws of the United States, and that this deprivation resulted from conduct committed by a "person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 49, (1988).[4] Sigmon provides no legal or factual support for his contention that the requirement of a certificate of merit under Md.

---

[3] It is unclear when Sigmon filed his claim. The statute of limitations for filing a medical malpractice claim under the HCMCA's procedures is "within the earlier of: (1) Five years of the time the injury was committed; or (2) Three years of the date the injury was discovered." Md. Code Ann., Cts. & Jud. Proc. § 5–109 (West 2005).

[4] The Fifth Amendment governs the conduct of the federal government and federal employees, and does not regulate the activities of state officials or state actors. None of the defendants is identified as a federal actor.

2

Code Ann., Cts. & Jud. Proc. § 3-2A-01 *et seq.*, abridges his federal right to due process. The case law Sigmon relies on in his complaint is uniformly based on state, not federal, law. Additionally, with the exception of the State of Maryland, all defendants are private individuals or entities, not state actors. Further, neither the Johns Hopkins Hospital nor the Johns Hopkins Hospital Institutional Review Board is a "person" amenable to suit under § 1983. For these reasons, Sigmon does not state a claim for which relief may be granted against the Johns Hopkins Hospital, Gerald Nestadt, M.D., Dean F. Wong, M.D., or the Johns Hopkins Hospital Institutional Review Board.

The State of Maryland will be dismissed as a defendant because it is not a "person" within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding "neither a State nor its officials acting in their official capacities are 'persons' under § 1983"). The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Although by its terms, the Eleventh Amendment applies to suits brought against a State by "Citizens of another State," it is well established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974).[5] Although the State of Maryland has waived its sovereign immunity for certain types of cases brought in State courts, *see* Md. Code (2009 Repl. Vol.), State Gov't Article, § 12-202(a), it has not waived its immunity under the Eleventh Amendment to suit in federal court with respect to claims under § 1983.

---

[5] Sigmon is a resident of Pennsylvania.

3

To the extent Sigmon is requesting relief in the nature of mandamus, the court does not have jurisdiction over state employees in an action for writ of mandamus. *See Gurley v. Superior Court of Mecklenburg County*, 411 F.2d 586, 587 (4th Cir. 1969). Additionally, a writ of mandamus is an extraordinary writ that is only available in cases where no other means by which the relief sought could be granted. *In re Beard*, 811 F.2d 818, 826 (4th Cir. 1987). Sigmon does not demonstrate that he has properly presented his claims to all appropriate state forums and there is no cause to award mandamus relief.

For these reasons, even when considered under the less stringent standard for pro se filings, the complaint is subject to dismissal. The court will dismiss this case without prejudice by separate order to follow

| September 4, 2014 | /s/ |
|---|---|
| Date | James K. Bredar<br>United States District Judge |